Totten, J.,
delivered the opinion of the court.
Phillips sued Cannon in the circuit" court of Bedford, in an action on the case for oral slander. Defence is made, first, by demurrer to the declaration, and that is overruled: the defendant, by leave, then pleaded not guilty, and the trial resulted in a verdict and judgment for the plaintiff for three thousand dollars.
The defendant appealed in error.
Counsel for the defendant insist that the court erred in overruling the demurrer -to the declaration, and this is the question to be considered.
The words laid in the 'first count are “ He swore a lie: ” in another count, “ He swore a lie and ought to be turned out of the . church,” and so in other counts, the words are varied, but are to the same effect. As these words do not per se import legal slander, extrinsic facts are stated by way of inducement and colloqui ■ um, to give point and meaning to the words, as follows, to wit:
“A certain suit or action by warrant had been pending in the county aforesaid, before Mames H. Graham and Price 0, Steele, two of the justices, of the peace in and for the county aforesaid, duly commissioned and qualified as such, wherein the State of Tennessee was plaintiff, 'and certain slaves, to wit: Prank, Bandal, &c., were defendants; which said suit or action by ím'fant had been then lately tried, by said Graham g,pd Steele, justices of the peace aforesaid. And' on said trial, the said James B.'Phillips had been and was examined on oath, and-had given his evidence as a witness, for and on the part of the said State of Ten *188 nessee. Yet the said defendant, &c., on the 30th day of April, 1852, in a certain discourse, &c., of and concerning the said plaintiff, and of and concerning the said action or suit, which had been pending as aforesaid, and of and concerning the evidence by him the said plaintiff, given on the said trial as such witness as aforesaid, spoke and published these false, scandalous and defamatory words following, that .is to say: “He (meaning the said plaintiff) swore a lie: ” thereby, then and there meaning, that said plaintiff, in giving his evidence as such witness on the said trial, had committed wilful and eornvpt perjury}'1 '
The other counts need not be stated, as they do not vary the case. First, it is insisted that the count is defective, because it does not aver that the testimony given by the plaintiff as a witness on said trial was material to the matter in issue.
We consider, that where the charge is general, it is not necessary that there be an express averment in the declaration that the testimony was material to the issue. Certainly, it must be material, but that will be presumed; and the* onus rests on the defendant to show, that the testimony was not material.
The principle of the rule is founded in reason and justice. If a person give evidence on the trial of a case before a judicial tribunal, it is fair to presume, that in the maiD, it was pertinent and material, otherwise it would not have been offered or admitted. If a person say of that evidence, that the witness swore falsely, it is an evident imputation of perjwry in the estimation of all who may hear it. And it is in this slanderous imputation that the injury consists.
*189 On the contrary, where the charge is not general, bnt relates to a particular' fact, the materiality must he averred and proved; for, we are not to presume, that every thing a witness says, is pertinent and material.
It may he that the particular fact had no relevancy to the case, and that the statement was merely inadvertent.
This impression would naturally he made upon the mind on hearing the special imputation, and would suggest further enquiry. Vide. Power vs. Price, 12 Wend. R., 500, S. C. 16 Wend. R., 453. Coleman vs. Goodwin, 3 Doug., 91.
But where the defendant justifies the charge, the plea must have the certainty of an indictment for perjury, and be supported by the same weight of proof. Woolbeck vs. Keller, 6 Cowan, 118. Clark vs. Dibble, 16 Wend. 602.
2nd. When the words .in themselves do not import the idea of legal slander, the extrinsic facts necessary to give meaning and effect to the words, must be folly and distinctly stated. These facts by averment, become incorporated with the words, and constitute a part of the slanderous imputation. And therefore, in the present case, the words and extrinsic facts connected by proper averments, must constitute the charge of perjury, and be distinctly stated on the record. This is a familiar principle. 1 Starlde on Slander, 392. Gibson vs. Williams, 4 Wend. R., 320.
Bow, the statement is, that in a suit or action by warrant of the State against certain negro slaves tried before two justices of the peace, the defendant was ex *190 amined on oath and gave his evidence. Such in substance is the statement of the extrinsic matter: and certainly it is most vague and indefinite.
The words suit and action have a certain and definite meaning, and import the legal demand of a civil right, and yet the State can have no civil demand, to be asserted before the justices against the negro slaves, who are named as defendants to the “suit or action by warrant.” And as to the term “warrant,” it imports no more than the process or writ in the case, civil or criminal, in the justice’s court. It is said that the case was a criminal proceeding of the State against the negro slaves for a trespass, under the acts of 1783, ch. 14, § 2, and 1806, ch. 32, § 3, and when we look to the proof, we see that the fact was so. But the demurrer confines the question to the face of the declaration and we cannot look to the proof. It is not stated that the justices had jurisdiction of the matter before them: so as to authorise the presumption of a criminal proceeding for the trespass. It must appear by legal inference from the facts stated or by direct averment that the forum had jurisdiction of the subject. It is not necessary to make a formal averment of jurisdiction, if it appear to exist from the facts stated. Chapman vs. Smith, 13 Johns. R., 78. But we have seen that the facts stated do not warrant the legal inference that the justices had jurisdiction, but the contrary.
• Now, the statement of a judicial proceeding of which the justices had jurisdiction, is matter of substance without which the action cannot be maintained. The declaration was therefore bad on general demurrer.
3rd. It is argued that the defect is cured by the act of 1852, ch. 152, of jeofails.
*191 That act abolishes the special demurrer and the motion in-arrest of judgment 11 for matters of form" in the circuit court and in this court.
But, as to matters of substance, that go to the rights of the parties and the merits of the case, the law remains as it was before the act.
In the present case, the defect is in matter of substance, and is not cured or aided by the statute.
4th. It is argued that the defect in the declaration is cured by the verdict.
On this subject, the rule is, that where there is a defect or omission in the declaration, that must be fatal on general demurrer, yet if the issue joined be such as required the facts defectively stated or omitted to be proved on the trial, the defect or omission is cured by the verdict. Eor the law will presume that the facts were proved, otherwise the verdict would not have been for the plaintiff. Pangburn vs. Ramsey, 11 Johns. R., 142. Chapman vs. Smith, 13 Johns. R., 80.
But in the present case there was no waiver of the defect in the declaration. The objection was taken at the threshold by demurrer. The declaration was not amended; the demurrer was erroneously overruled, and the defendant compelled to plead and go to trial on a declaration, which contained no cause of action.
In such case, the whole proceeding is erroneous, and the declaration is not cured by the verdict.
Let the judgment be reversed.